JOHN H. LEWIS *v.* OWEN FRANKS.

Garnishees cited to appear and answer through their agents, cannot be made liable by the answers of their agents.

APPEAL from the District Court, Parish of Caddo, *Weems*, J. *J. C. Beall*, for appellant. *Nutt & Leonard*, for appellee.

The facts are stated in the opinion of the Court.

TALIAFERRO, J. The plaintiff in this case brings suit against the defendant, a resident of the State of Ohio, on a claim of eight hundred dollars and interest, for services rendered defendant as pilot on the steamboat Ham Howell, in the year 1859, and cited John Thatcher and William Thatcher as garnishees. A curator ad hoc was appointed to represent the absentee, and citation made upon him. He denied specially that defendant was ever owner or part owner of the steamer Ham Howell, and plead the prescription of one, two and three years. Upon these pleadings the parties went to trial. Judgment was rendered in favor of the plaintiff for six hundred dollars, with interest at five per cent. per annum, from the 1st of April,

1859, and that he have judgment over against the garnishees, John Thatcher, and Wm. Thatcher, agent, for the sum acknowledged by the answers to be owing by John Thatcher to the defendant. From this judgment the defendant appealed.

On the trial of the case, the curator ad hoc excepted to the introduction of the answers of the garnishee, William Thatcher, for the reason that they were not categorical, and that William Thatcher being only the agent of John Thatcher, was incompetent to answer interrogatories propounded to John Thatcher, an absentee; and, if competent at all, that he could only be so under an express authorization to that effect. The exception was overruled, and the point reserved by the defendant's counsel in a bill of exceptions.

This Court has, in several cases, decided that garnishees, cited to appear and answer through their agents, can not be made liable by the answers of their agents. 6 An. 562. 7 An. 490. 3 N. S. 57.

As the exception in this case must be sustained, it is unnecessary for us to examine the other points presented by the pleadings.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled and avoided; and it is further ordered, adjudged and decreed, that this case be remanded to the lower Court, to be proceeded with according to law; the plaintiff and appellee to pay the costs of this appeal.